**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40611
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ELISEO PIZANA-TREVINO,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

(B-96-CR-322-1)

February 17, 1998

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

A jury convicted Eliseo Pizana-Trevino of possession with intent to distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(b)(1)(B). The district court imposed a 63-month term of imprisonment, to be followed by a four-year term of supervised release. Pizana-Trevino's principal contention on appeal is that the evidence was insufficient to support his conviction.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We will not disturb a conviction attacked on the basis of the sufficiency of the evidence if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] The government had the burden of proving that Pizana-Trevino knowingly possessed marijuana and intended to distribute it.[3] The government proceeded on a constructive possession theory, which required it to show that Pizana-Trevino exercised ownership, dominion or control over the marijuana itself, or dominion over the premises in which the marijuana was concealed.[4]

While Pizana-Trevino was attending a wedding out of town, Cameron County Sheriff's deputies discovered approximately 610 pounds of marijuana inside a bedroom of the trailer home he owned and in which he lived at the time. They also discovered black plastic bags and rolls of clear plastic that had been concealed beneath a bed in the same room. At trial, Narcotics Investigator Ricardo Perez testified that smugglers often transport narcotics across the river and store them in "stash houses" before further transporting them to other locations farther north or locally. Jurors also heard testimony that the marijuana had a street value of up to $600,000. Pizana-Trevino testified that he could not

_____

[2] *Guzman v. Lensing*, 934 F.2d 80, 82 (5th Cir. 1991).

[3] *United States v. Garza*, 990 F.2d 171, 174 (5th Cir. 1993).

[4] *United States v. Cardenas*, 748 F.2d 1015, 1019 (5th Cir. 1984).

explain the presence of the marijuana in his trailer.  In short, he denied having any involvement with the contraband.  Considering the impressive amount and value of the marijuana, however, the jury could reasonably have inferred that Pizana-Trevino arranged to have his home used as a "stash house," and that he knew the marijuana would be delivered to his home while he and his family were attending a function out of town.  Sufficient evidence supports the verdict.

AFFIRMED.